UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re | **Chapter 11** |
| **ID INTERACTIVE, LLC,** *et al.*[1] | Case No.: 10-26493-BKC-PGH (Jointly Administered) |
| Debtors. _____/ | |

## NOTICE OF FILING OMNIBUS DECLARATION OF JON GOLDSTEIN IN SUPPORT OF CHAPTER 11 PETITIONS, FIRST DAY MOTIONS AND ORDERS

Debtors, **ID INTERACTIVE, LLC, et al.,** by and through their undersigned counsel, hereby file the attached Omnibus Declaration of Jon Goldstein in Support of Chapter 11 Petitions, First Day Motions and Orders.

### CERTIFICATIONS

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

**I HEREBY CERTIFY** that a true copy of this Notice has been furnished by electronic notice and/or U.S. Mail to the Service Matrix on this 15th day of June, 2010.

Respectfully submitted,

**McDonald Hopkins PLC**

Dated: June 15, 2010

/s/ Tina M. Talarchyk
TINA M. TALARCHYK, ESQ.
Fla. Bar. No 794872
McDonald Hopkins LLC
505 S. Flagler Drive, Suite 300
West Palm Beach, FL 33401
(o) 561.472.2971
(f) 561.472.2122
ttalarchyk@mcdonaldhopkins.com

---

[1] The debtors in this case are: ID Interactive, LLC; ID Interactive of California, LLC; ID Interactive of Michigan, LLC; ID Interactive of New Mexico, LLC; ID Interactive International, LLC; ID Interactive Licensing, Ltd.; ID Interactive Technologies, SRL; and ID Interactive Argentina, SRL.

{2190532:}

**SERVICE MATRIX**
**In re: ID Interactive, LLC**
**Case No. 10-26493-BKC-PGH**

**Sent via Electronic Mail**

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

**Sent via U.S. Mail to attached list.**

{2190532:}

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-1<br>Case 10-24979-LMI<br>Southern District of Florida<br>Miami<br>Tue Jun 15 16:38:14 EDT 2010 | GHE Holdings, Inc.<br>c/o Greenberg Traurig, P.A.<br>Attn: Robert Soriano<br>625 E. Twiggs Street, Suite 100<br>Tampa, FL 33602-3925 | Great Florida Bank<br>c/o Lawrence A. Gordich, Esq.<br>Segall Gordich P.A.<br>801 Brickell Avenue, Suite 900<br>Miami, FL 33131-2979 |
| La Siesta Seas, LLC<br>c/o Andrew Herron, Esq.<br>Herron Jacobs Ortiz<br>1401 Brickell Ave., Suite 840<br>Miami, FL 33131-3502 | Lorelei Associates, LLC<br>POB 489<br>Islamorada, FL 33036-0489 | No Regrets Venic LLC<br>c/o Jon Preiksat<br>17 Gulf Manor Dr<br>Venice, FL 34285-2716 |
| Ought-Knot, LLC<br>c/o Robert Meyer<br>2223 Coral Way<br>Miami, FL 33145-3508 | Scene 41, LLC<br>c/o Jon Preiksat<br>17 Gulf Manor Dr<br>Venice, FL 34285-2716 | Waterford Resort Service, LLC<br>c/o Jon Preiksat<br>17 Gulf Manor Dr<br>Venice, FL 34285-2716 |
| Ace Hardware<br>Mm82 - Y, US Hwy 1<br>Islamorada, FL 33036 | Albury, Rusty<br>113 Matacunle Ave<br>Islamorada, FL 33036 | All American Fire Inspections<br>5536 NW 161 St,<br>Miami, FL 33014-6127 |
| Andy Tobin, PA<br>88101 Overseas Hwy<br>Islamorada, FL 33036-3063 | Anthony Filichio<br>514 Solar Dr.<br>Ft Lauderdale, FL 33301-2626 | Artistic Lawn<br>81501 Old Hwy<br>Islamorada, FL 33036 |
| Aspen Specialty Insurance Co<br>999 Brickell Ave<br>Miami, FL 33131-3012 | Atlantic trash and Transfer<br>300 Atlantic Dr<br>Key Largo, FL 33037-4320 | B&L Beneway, Inc<br>936 Crane Blvd<br>Sugarloaf, FL 33042-3163 |
| BB Insurance Marketing, Inc.<br>PO Box 551267<br>Ft. Lauderdale, FL 33355-1267 | Bill Browneller<br>96 Orange Ln<br>Islamorada, FL 33036-3009 | CBT Construction & Development<br>300 Atlantic Dr<br>Key Largo, FL 33037-4320 |
| Carl E. Lindback, III<br>PO Box 489<br>Islamorada, FL 33036-0489 | Caterpillar-Kelly tractor<br>8255 NW 58th St<br>Miami, FL 33166-3406 | Community Bank<br>91390 Overseas Hwy<br>Travernier, FL 33070 |
| DeGonia, Rhonda J.<br>c/o James Lupino, Esq; Hershoff, Lupino<br>90130 Old Hwy<br>Tavernier, FL 33070-2348 | DeHaas Consulting & Design<br>88975 Overseas Hwy, Stop 1<br>Tavernier, FL 33070-2041 | Dedrick, Warren<br>727 Washington St.<br>Key West, FL 33040-4777 |
| Denise D. Henriquez, Tax Collector<br>53 High Point<br>Tavernier, FL 33070-2005 | Dept of Enviromental Protection<br>Lorelei Mangove<br>3900 Commonwealth Ave,<br>Tallahassee, FL 32399-6575 | Derkovitz, Mark<br>PO Box 739<br>Islamorada, FL 33036-0739 |

| | | |
|---|---|---|
| Fillichio, Anthony<br>514 Solar Isle Dr.<br>Ft. Lauderdale, FL 33301-2626 | Forest Tek<br>88521 Overseas Hwy<br>Tavernier, FL 33070-2048 | G&S Landscaping, Inc<br>343 Mahogany Dr<br>Key Largo, FL 33037-4518 |
| Glen Boe & Associates, Inc<br>5800 Overseas Hwy<br>Marathon, FL 33050-2735 | Great Florida Bank<br>150 Alhambra Circle<br>Coral Gables, FL 33134-4527 | Great Florida Bank<br>15050 NW 79th Court<br>Miami Lakes, FL 33016-5810 |
| Great Florida Bank<br>c/o Kenneth Rubin, Greenspoon Marder, P.<br>100 West Cypress Creek Rd., Ste 700<br>Ft. Lauderdale, FL 33309-2195 | Homeside Dredging, Inc<br>4711 NW 14th St<br>Lauderhill, FL 33313-5507 | Hull, Jonathan<br>2065 NE 56th St., Apt. 201<br>Ft Lauderdale, FL 33308-2525 |
| Islamorada Resort, Inc.<br>PO Box 869<br>Islamorada, FL 33036-0869 | Ittner, Curtis<br>789 Bostwick Dr.<br>Key Largo, FL 33037-2706 | Jacobs, Nones, & Carney, CPA's<br>6401 SW 87th Ave. Ste 204<br>Miami, FL 33173-2521 |
| Jonathan & Nancy Hull<br>c/o James Lupino, Esq; Hershoff, Lupino<br>90130 Old Hwy<br>Tavernier, FL 33070-2348 | Karen Sunderland Strobel<br>87000 Overseas Hwy<br>Islamorada, FL 33036-3110 | Keys Supply, Inc<br>88900 Overseas Hwy<br>Islamorada, FL 33070-2034 |
| Klein, Robert<br>152 Navajo<br>Taverther, FL 33070-2118 | La Siesta Family Partnership, Ltd.<br>c/o Jared Gelles, Rafferty, Stolzenberg,<br>Tanenhotz & Flynn P.A.<br>1401 Brickell Ave. Ste 825<br>Miami, FL 33131-3502 | La Siesta family Partnership<br>c/o Brian Lindback<br>195 N Airport Rd<br>Tavernier, FL 33070-2411 |
| Lawrence Frank Land Surveying<br>83266 Overseas Hwy<br>Islamorada, FL 33036-3528 | Lindback, Roy<br>PO Box 2125<br>Key Largo, FL  33037 | Lodge, Robert<br>185 Plantation Dr<br>Plantation Key, FL 33070-2315 |
| McConnack, Thomas<br>PO Box 739<br>Islamarada, FL 33036-0739 | Monroe County Tax Collector<br>53 High Point<br>Tavernier, FL 33070-2005 | No Regrets Venice, LLC<br>c/o Jon Preiksat, Esq.<br>17 Gulf Manor Dr,<br>Venice, FL 34285-2716 |
| Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Orlando Perez, Jr<br>13041 SW 133rd St<br>Miami, FL 33186-5848 | Oughton, John<br>4615 W. Tradewinds Ave<br>Lauderdale By The Sea, FL 33308-3515 |
| Pirate Enterprises<br>c/o James Lupino, Esq; Hershoff, Lupino<br>90130 Old Hwy<br>Tavernier, FL 33070-2348 | Poland, Greg<br>141 Plantation Ave<br>Islamoracla, FL 33036-3002 | Pool's by Juan<br>82539 Old Highway<br>Islamorada, FL 33036-3646 |

Robert & Kelly Klein
152 Navajo
Tavernier, FL 33070-2118

Robert Lodge (Lodge Family Living Trust)
c/o James Lupino, Esq; Hershoff, Lupino
90130 Old Hwy
Tavernier, FL 33070-2348

Roland Trucking
316 Lance Ln,
Key Largo, FL 33037-4814


Ruoff, Rick
305 Convent Ave
Tuscon, AZ  85701

Seacoast LLC
82539 Old Rd
Islamorada, FL 33036-3646

Travernier Lawnmower
91940 Overseas Hwy
Islamorada, FL 33070-2678


Village of Islamorada
86800 OverSeas Hwy
Islamorada, FL 33036-3162

Vogal, Charles
425 Welt Drive
Woodbury, MN  55125

Warren Dedrick
727 Washington St
Key West, FL 33040-4777


Waterford Resort Service, LLC
C/O Jon Preiksat, Esq
17 Gulf Manor Dr.
Venice, FL 34285-2716

Wesco Electric Supply
2661 W McNab Rd.
Pompano Beach, FL 33069-4897

Wesco Electric Supply
c/o Elizabeth M. Ryan
1505 N. Florida Avenue
Tampa, FL 33602-2613


Curtis Ittner
c/o Robert Meyer
2223 Coral Way
Miami, FL 33145-3508

Harvey Vogel
c/o Robert C Meyer
2223 Coral Way
Miami, FL 33145-3508

Jonathan Hull
c/o Robert Meyer
2223 Coral Way
Miami, FL 33145-3508


Kelly Klein
c/o Robert Meyer
2223 Coral Way
Miami, FL 33145-3508

Mark Derkovitz
c/o Robert C. Meyer
2223 Coral Way
Miami, FL 33145-3508

Michael W. Miller
c/o Jon Preiksat
17 Gulf Manor Dr
Venice, FL 34285-2716


Nancy Hull
c/o Robert Meyer
2223 Coral Way
Miami, FL 33145-3508

Ralf Kloeckne
c/o Robert C Meyer
2223 Coral Way
Miami, FL 33145-3508

Rhonda Degonia
c/o Robert C Meyer
2223 Coral Way
Miami, FL 33145-3508


Richard Lattimer
c/o Robert C Meyer
2223 Coral Way
Miami, FL 33145-3508

Rick Ruoff
c/o Robert C Meyer
2223 Coral Way
Miami, FL 33145-3508

Robert Klein
c/o Robert Meyer
2223 Coral Way
Miami, FL 33145-3508


Robert Lodge
c/o Robert C Meyer
2223 Coral Way
Miami, FL 33145-3508

Thomas McCormack
c/o Robert C Meyer
2223 Coral Way
Miami, FL 33145-3508

Tina M Talarchyk
505 South Flagler Dr #300
West Palm Beach, FL 33401-5942


Warren Dedrick
c/o Robert C Meyer
2223 Coral Way
Miami, FL 33145-3508

Wayne Ginter
Asset Recovery Group
1930 Harrison St.
Suite 404
Hollywood, FL 33020-7829

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami                        (u)Lattimer, Dick                    (u)Everett Albury
                                Remove per DE#44


End of Label Matrix
Mailable recipients    88
Bypassed recipients     3
Total                  91

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re

ID Interactive, LLC, *et al.*,

Debtors.

_____/

Chapter 11

Case No.: 10-26493-BKC-PGH

(Jointly Administered)

## OMNIBUS DECLARATION OF JON GOLDSTEIN IN SUPPORT OF CHAPTER 11 PETITIONS, FIRST DAY MOTIONS AND ORDERS

STATE OF FLORIDA      )
                      )  SS:
COUNTY OF PALM BEACH  )

I, JON GOLDSTIEN, being duly sworn, deposes and says:

1. My name is Jon Goldstein. I am over 21 years of age and fully competent to make this declaration. Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, would competently testify thereto.

2. I am the CEO of I.D. Interactive ("IDI") and its subsidiaries[1] ("Subsidiaries," and together with IDI, "Debtors'). As such, I am familiar with the operations of IDI and of each of its Subsidiaries in the above captioned cases.

3. On June 11, 2010 ("Petition Date"), each of the above-captioned Debtors filed voluntary petitions for relief ("Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), which cases are pending before the

---

[1] The debtor subsidiaries of IDI include: ID Interactive of California, LLC, ID Interactive International, LLC, ID Interactive Licensing, Ltd., ID Interactive of Michigan, LLC, ID Interactive of New Mexico, LLC, ID, Interactive Argentine SRL and Interactive Technologies SRL.

1

United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court").

4. The Debtors are currently operating their businesses as Debtors-in-Possession pursuant to sections 1107 and 1108.

5. On the Petition Date, the Debtors moved this Court for an order for joint administration of these Chapter 11 Cases. In order to enable the Debtors to operate efficiently and to avoid the adverse effects of the Chapter 11 filings, the Debtors also requested additional and various types of relief in the applications and motions presented at the first hearing for these Cases. (collectively, "First Day Motions").

6. I am familiar with the Debtors' day-to-day operations, business affairs, debts, obligations and assets. I am authorized to submit this Declaration in support of the Debtors' chapter 11 petitions and First Day Motions as described herein.

7. I submit this Affidavit in support of the chapter 11 petitions and the First Day Motions in the above-captioned Chapter 11 Cases. Except as otherwise noted, all facts set forth herein are based upon my personal knowledge, my review of relevant documents, my opinion, based upon my experience and knowledge of the Debtors' operations and financial condition, or based upon information which has been provided by those within the Company with personal knowledge of such information and upon whom I can reasonably rely. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Affidavit. Any capitalized term not expressly defined herein shall have the meaning ascribed to it in the relevant First Day Motion.

8. Section I of this Affidavit describes the organization of the Debtors, the Debtors' businesses, the facts and circumstances surrounding the commencement of

the Chapter 11 Cases and the Debtors' objectives in these Cases. Section II sets forth the relevant facts in support of the First Day Motions filed concurrently with this Declaration.

**Section I – Background**

    **A.**    **The Debtors Organization**

9. IDI is a Florida limited liability company with its principle place of business in Delray Beach, Florida. IDI is a privately held company. The Subsidiaries are wholly owned by IDI and generally incorporated in the jurisdiction in which each Subsidiary conducts its business. The jurisdiction of incorporation of each of the Debtors is described in Exhibit "A" hereto.

    **B.**    **The Debtors' Businesses**

10. The Debtors are generally engaged in the distribution of electronic components manufactured by third parties. The Debtors are a group of companies that specialize in digital services, Web design and development, social media marketing and custom software including the distribution of electronic components manufactured by third parties.

11. In addition, until recently, the Debtors offered a full line of custom software and software platforms for slot machine gaming.

12. The Debtors' products are sold primarily to Casinos. The Debtors also sell products to distributors. In all, the Debtors offer approximately forty (40) different products produced by approximately three (3) manufacturers.

13. The Debtors' chief executive offices are located at 1801 S. Federal

3

Highway, Delray Beach, Florida. The Debtor commenced the closure of all offices prior to the Petition Date.

14. As of June 11, 2010, the Debtors employed approximately 2 employees[2] ("Employees")[3] of whom are both salaried. The Employees are located at the Debtors' corporate headquarters in Delray Beach, Florida.

### C. The Debtors' Pre-Petition Capital Structure

15. IDI is a privately held company with 148 shareholders.

16. On September 1, 2004, IDI entered into a Credit Agreement (the "Pre-Petition Credit Agreement") with certain lenders ("Pre-Petition Lenders"), Affordable Leasing LLC. Under the Pre-Petition Credit Agreement, the Pre-Petition Lenders agreed to provide IDI with a revolving credit facility ("Pre-Petition Facility") totaling $5,000,000.00, subject to certain borrowing constraints based on the Debtors' eligible accounts receivable and inventory ("Borrowing Base"). The Pre-Petition Facility had an initial term extending to December 31, 2014.

17. Each of the Subsidiaries guaranteed the Pre-Petition Facility. The Pre-Petition Credit Agreement is secured by a security interest in substantially all of the assets of IDI and the Subsidiaries.

18. The Pre-Petition Credit Agreement has been amended 2 times ("Amendments"), most recently on January 2, 2009. As a result of the Amendments, among other things, the Pre-Petition Facility was increased to $15,000,000.00, the interest rates paid by the Debtors were modified, and certain financial covenants have

---

[2] Since February of 2007 and continuing through the Petition Date, the Debtors have experienced a significant reduction in the number of Employees, principally through voluntary departures. During the first three months of 2007 the number of Employees declined from 579 at December 31, 2006 to 307 as of April 19, 2007.

[3] .

4

been modified. As of the Petition Date the amount outstanding under the Pre-Petition Facility totaled $ 9,165,062.49. Additionally, as of the Petition Date, there are no outstanding letters of credit.

### D. History of the Debtors and Events Leading to the filing of the Instant Chapter 11 Petitions

19. During 2007 and 2008, the Debtors entered into several arrangements to develop product for distribution in land based casinos and through online casinos. The Debtors also entered into arrangements for the financing of the development and distribution costs for its products.

20. Contrary to expectation, the unexpected market downturn in mid-2008 resulted in most of the Debtors financing arrangements being terminated, The loss of expected financing affected nearly every aspect of the Debtors' operations, including product development, distribution, and support, and the market downturn affected the Debtors industry generally, creating additional difficulties with collections and sales.

21. The failure of credit lines and private capital available caused the Debtors' relationships with many customers and suppliers to suffer.

22. The liquidity crisis faced by the Debtors was the result of a significant and unforecast reduction in demand for Debtors products, along with increased difficulty in collecting on prior sales.

23. The liquidity issues ultimately resulted in the Debtors' inability to continue its operations. The loss of these sales compounded the Debtors' liquidity crisis.

24. On January 20, 2010, a Default Notice under the Pre-Petition Facility was sent by from Affordable Leasing.

**Section II – First Day Motions**

25. This affidavit is also submitted in support of the factual allegations contained in the following motions, filed contemporaneously with this Declaration:

- *"Debtors' Motion For an Order Authorizing And Directing Joint Administration and Use of Consolidated Caption"*
- *"Debtors' Emergency Application for an Order Under 11 U.S.C. §§ 327(a) and 329 Authorizing the Retention and Employment of McDonald Hopkins, LLC as Attorneys for the Debtors"*
- *"Debtors' Emergency Motion for Interim and Final Orders Under 11 U.S.C. §§ 105(A), 361, 362, 363 and 364, Federal Bankruptcy Rules 2002, 4001, 6004 and 9014 and Local Bankruptcy Rule 9013-1, (1) Authorizing Debtors to Use Cash Collateral, (2) Authorizing Debtor to Incur Post-Petition Secured Indebtedness and Authorizing Certain Other Debtors to Incur Related Obligations, (3) Granting Security Interests and Priority Claims Pursuant to 11 U.S.C. § 364, (4) Granting Adequate Protection And Other Relief, (5) Modifying Automatic Stay, and (6) Setting Final Hearing"*

A. <u>Motion For An Order Authorizing And Directing Joint Administration And Use Of Consolidated Caption</u>

26. In my opinion, joint administration of these cases is necessary in order to eliminate the need for duplicative notices, applications, and orders, and thereby save considerable time and expense for the Debtors and their estates.

27. I do not believe that joint administration of these bankruptcy cases will result in any prejudice to the Debtors' creditors or other parties-in-interest. In fact, joint administration serves the best interests of these bankruptcy estates since the issues pertinent to the reorganization of each of the above-listed Debtors involve common ownership, creditor, and management interests. As such, the vast majority of motions, hearings, and orders in these cases will affect all Debtors. It is my opinion that joint administration will facilitate the administration process, and will ease the burden and expense of administering these estates.

B. **Emergency Application for an Order Under 11 U.S.C. §§ 327(a) and 329 Authorizing the Retention and Employment of Mcdonald Hopkins, LLC as Attorneys for the Debtors**

28. The Debtors desire to retain the law firm of Mcdonald Hopkins, LLC ("MH") as their bankruptcy counsel.

29. The Debtors have selected MH, and believes that MH is particularly suited to serve as the Debtors' lead restructuring counsel in these cases.

30. As more fully set forth in the MH retention application, the professional services that MH is expected to render can be summarized as follows:

    (a) advise the Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of their business and property;

    (b) attend meetings and negotiate with representatives of creditors and other parties in interest and advising and consulting on the conduct of these Chapter 11 Cases, including all of the legal and administrative requirements of operating in chapter 11;

    (c) assist the Debtors with the preparation of their Schedules of Assets and Liabilities and Statements of Financial Affairs;

    (d) advise the Debtors in connection with any contemplated sales of assets or business combinations, including the negotiation of asset, stock, purchase, merger or joint venture agreements, formulate and implement appropriate procedures with respect to the closing of any such transactions, and counseling the Debtors in connection with such transactions;

    (e) advise the Debtors in connection with any post-petition financing and cash collateral arrangements and negotiating and drafting documents relating thereto, providing advice and counsel with respect to pre-petition financing arrangements, and negotiating and drafting documents relating thereto;

    (f) advise the Debtors on matters relating to the evaluation of the assumption, rejection or assignment of unexpired leases and executory contracts;

    (g) advise the Debtors with respect to legal issues arising in or relating to the Debtors' ordinary course of business including attendance at

senior management meetings, meetings with the Debtors' financial and turnaround advisors and meetings of the board of directors;

(h) take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on their behalf, the defense of any actions commenced against them, negotiations concerning all litigation in which the Debtors are involved and objecting to claims filed against the Debtors' estates;

(i) prepare, on the Debtors' behalf, all motions, applications, answers, orders, reports and papers necessary to the administration of the estates;

(j) if necessary, negotiate and prepare, on the Debtors' behalf, a plan of reorganization, disclosure statement and all related agreements and/or documents and taking any necessary action on behalf of the Debtors to obtain confirmation of such plan;

(k) attend meetings with third parties and participate in negotiations with respect to the above matters;

(l) appear before this Court, any appellate courts and the United States Trustee and protecting the interests of the Debtors' estates before such courts and the United States Trustee; and

(m) perform all other necessary legal services and providing all other necessary legal advice to the Debtors in connection with these Chapter 11 cases.

31.  The Debtors have agreed to pay compensation to MH based in part on its customary hourly rates, which I understand are periodically adjusted in accordance with MH policy.  I understand that the hourly rates for MH professionals and para-professionals who may be assigned from time to time to serve the Debtors in connection with the matters herein described range between $120.00 to $30.00 for legal assistants, $430.00 to $170.00 for associates, and $500.00 to $300.00 for partners.  It is my understanding that the hourly rates set forth above are subject to periodic increases in the normal course of the MH's business on at least an annual basis.

32.  I understand that it is MH policy to charge its clients in all areas of practice

8

for all other expenses incurred in connection with clients' cases. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand-delivery charges, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial overtime

33. On various dates beginning from and after May 5, 2010 in accordance with MH's engagement by the Debtors before the Petition Date, MH requested and received an aggregate retainer in the amount of $17,000 for professional services rendered and to be rendered and charges and disbursements incurred by MH in connection with such services ("Retainer"). MH invoiced the Debtors for services rendered in the ordinary course of business in connection with these cases before the Petition Date, and such invoices were promptly paid.

34. As of the Petition Date, MH had been compensated for all known fees and reimbursed for all known expenses incurred before the Petition Date. A Retainer in the amount of $ $24,494.000 remained unapplied as of the Petition Date. MH reserves the right to apply certain amounts of the Retainer to fees and expenses accrued before the Petition Date but not discovered or otherwise accounted for until after the Petition Date. MH will retain all remaining amounts of the Retainer in trust during the pendency of these cases to be applied to any professional fees, charges and disbursements that remain unpaid at the end of these cases.

**C.    Debtors' Emergency Motion for Interim and Final Orders Under 11 U.S.C. §§ 105(A), 361, 362, 363 and 364, Federal Bankruptcy Rules 2002, 4001, 6004 and 9014 and Local Bankruptcy Rule 9013-1, (1) Authorizing Debtors to Use Cash Collateral, (2) Authorizing Debtor to Incur Post-Petition Secured Indebtedness and Authorizing Certain Other Debtors to Incur Related Obligations, (3) Granting Security Interests and Priority Claims Pursuant to 11 U.S.C. § 364, (4) Granting Adequate Protection And Other Relief, (5) Modifying Automatic Stay, and (6) Setting Final Hearing**

35.    The Debtors require immediate relief in the form of increased liquidity in order to continue to operate and preserve the going concern value of their respective businesses. Absent such relief, the Debtors, their estates and their creditors will be irreparably harmed. Having explored the financing options available to them, the Debtors have determined, in the exercise of their business judgment, that the only financing option available that will meet their needs and while maximizing the value of their estates is the financing for which they seek authorization and approval in the above-referenced Motion ("DIP Financing Motion"). The proposed financing will provide the Debtors with the greatest level of liquidity at the lowest cost and on the best terms available to them under the circumstances.

36.    As a result of their financial condition, the Debtor Obligors have been unable to obtain alternative sources of cash or credit either in the form of unsecured credit allowable as an administrative expense under section 503(b)(1) of the Bankruptcy Code, unsecured credit allowed under sections 364(a) and (b) of the Bankruptcy Code, or secured credit pursuant to section 364(c) or (d) of the Bankruptcy Code, in each case on terms and conditions more favorable to the Debtors' estates than those set forth in the DIP Credit Documents and the Interim Order. If the Debtor Obligors' financing were

to be abruptly discontinued, then their operations would be severely disrupted, they would be unable to pay operating expenses, and they would be unable to operate their businesses in an orderly manner. This, in turn, would severely impair the value of their assets and their ability to sell their businesses on a going concern basis. Accordingly, the Debtors and their estates, will suffer immediate and irreparable harm unless the Debtor Obligors are immediately authorized to obtain credit on the terms and conditions set forth in the DIP Financing Motion.

37. The Debtors believe that the terms of the DIP Financing Documents and the Interim Order are fair, just, and reasonable under the circumstances, are ordinary and appropriate for secured financing to debtors in possession, reflect the Debtors' exercise of their prudent business judgment consistent with their fiduciary duties, and are supported by reasonably equivalent value and fair consideration. The terms and conditions of the DIP Financing Documents and the Interim Order have been negotiated in good faith and at arms' length by and among the Debtors, the Post-Petition Lenders and the Post-Petition Agent, with all parties represented by counsel. Accordingly, the Debtors believe that any credit extended under the terms of the Interim Order is extended in good faith by the Post-Petition Lenders as that term is used in section 364(e) of the Bankruptcy Code.

38. Moreover, the Debtors, exercising their prudent business judgment, believe the financing is fair, reasonable, necessary and appropriate.

**FURTHER AFFIANT SAYETH NAUGHT**

_____
Jon Goldstein

The foregoing instrument was acknowledged before me this _____ day of June , 2010, by Jon Goldstein, who is <u>personally known to</u> me/who has produced _____ as identification and who did/did <u>not take an oath</u>.

_____
Notary Public, State of Florida At Large
Print Name:
Commission No.:

My Commission Expires

December 4, 2012

NOTARY PUBLIC-STATE OF FLORIDA
Theresa I. Kotzian
Commission # DD836977
Expires: DEC. 04, 2012
BONDED THRU ATLANTIC BONDING CO., INC.

**EXHIBIT "A"**

| DEBTOR | JURISDICTION OF INCORPORATION |
|---|---|
| ID Interactive, LLC | State of Florida |
| ID Interactive of California, LLC | State of California |
| ID Interactive of Michigan, LLC | State of Michigan |
| ID Interactive of New Mexico, LLC | State of New Mexico |
| ID Interactive Licensing, Ltd. | Grand Cayman Islands |
| ID Interactive Technologies, SRL | Buenos Aires, Argentina |
| ID Interactive Argentina, SRL | Buenos Aires, Argentina |